**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

THE CONSTRUCTION INDUSTRY
RETIREMENT FUND OF ROCKFORD,
ILLINOIS,

      Plaintiff,

           vs.

SUITABLE BUILDERS, INC.

      Defendant.

Case No.

District Judge:

Magistrate Judge:

## COMPLAINT TO COMPEL AUDIT

Plaintiff, The Construction Industry Retirement Fund of Rockford, Illinois (the "Fund"), by its attorneys, WilliamsMcCarthy LLP, brings this Complaint against Defendant, SUITABLE BUILDERS, INC., and states as follows:

1.      Jurisdiction in this cause is based upon § 301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2.      Jurisdiction in this cause is also based upon § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3.      Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois is administered in Rockford, Illinois.

4.      The Fund is a multi-employer benefit plan within the meaning of ERISA. It is established and maintained pursuant to the respective Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Fund has standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

- 1 -

5. Suitable Builders, Inc. is engaged in the construction industry and doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and § 301(a) of the LMRA. 29 U.S.C. § 185(c).

6. Heartland Regional Council of Carpenters (the "Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about May 1, 2004, the Union and Suitable Builders, Inc., entered into a Memorandum of Agreement, attached hereto as Exhibit A.

8. Under the terms of the Memorandum of Agreement, to which Suitable Builders is bound, it is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which Suitable Builders, Inc. identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Fund on behalf of each covered employee.

9. The Memorandum of Agreement provides that it incorporates all agreements between the Union and the Fund.

10. Under the terms of the Memorandum of Agreement to which the Union is bound, Suitable Builders, Inc. is required to submit its books and records to the Fund on demand for an audit to determine benefit contribution compliance.

11. Under the terms of the Agreement, contributions to the Fund are due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

12. Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the unpaid contributions.

13. The Auditor for the Fund attempted to perform an audit to determine whether Suitable Builders, Inc. paid proper contributions to the Fund for the period of January 1, 2022 through April 30, 2025, but Suitable Builders, Inc. failed and refused to supply all records reflecting work performed covered by the Agreement. Suitable Builders, Inc. continues to refuse to provide records and refuses to permit an authorized representative of the Fund to examine its records as necessary to determine whether it has made full payment of all sums owed to the Fund.

14. The Fund is advised and believes that Suitable Builders, Inc. failed to report and pay contributions to the Fund for work performed in violation of the terms of the Agreement by which they are bound. As a direct and proximate result of Suitable Builders, Inc.'s failure to pay contributions, employees of Suitable Builders, Inc. are in jeopardy of losing their retirement eligibility and benefits.

15. Suitable Builders, Inc.'s actions in failing to make timely reports and contributions violates § 515 of ERISA, 29 U.S.C. § 1145, and § 301 of the LMRA, 29 U.S.C. § 185.

16. Suitable Builders, Inc.'s failure and refusal to provide records and to permit examination of its records as alleged herein to determine if it has met its obligations under the Agreement was at all times, and still is, willful, unjustified, and done with malicious intent.

17. The Fund is without an adequate remedy at law and will suffer continuing an irreparable injury, loss and damage unless Suitable Builders, Inc. is ordered specifically to perform all obligations required on its part under ERISA, the LMRA, and the Agreement, and is restrained from continuing to refuse to perform as required thereunder.

18.     This Court is authorized to issue injunctive relief based on traditional standards. As set forth above, the Fund has a strong likelihood of success on the merits, there is the possibility that the employees of Suitable Builders, Inc. will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor the Fund.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment against Defendant, Suitable Builders, Inc., as follows:

(a)     For an Order requiring Suitable Builders, Inc. to provide certain records and to submit to an audit of such records by a date certain for the period of January 1, 2022 through the date of audit.

> THE CONSTRUCTION INDUSTRY
> RETIREMENT FUND OF ROCKFORD,
> ILLINOIS, Plaintiff,
>
> By: WilliamsMcCarthy LLP
>
>
> BY:___ /s/ Troy E. Haggestad_____

Troy E. Haggestad
WILLIAMSMcCARTHY LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815/987-8900
E-mail: thaggestad@wilmac.com

# United Brotherhood of Carpenters & Joiners of America
## CHICAGO REGIONAL COUNCIL OF CARPENTERS
### WESTERN REGIONAL OFFICE
201 E Third St, Sterling, IL 61081, mail@heartlandcouncil.org
Phone 815-626-2177   Fax 815-626-2190
**Bruce Werning, Western Regional Director**

| | | |
|---|---|---|
| L.U. 4 - Davenport, IA | | L.U. 790 – Rock Falls, IL |
| L.U. 166 – Rock Island, IL | | L.U. 792 – Rockford, IL |
| L.U. 195 – Ottawa, IL |  | L.U. 1260 - Iowa City, IA |
| L.U. 308 – Cedar Rapids, IA | | L.U. 2158 - Bettendorf, IA (MW) |
| L.U. 678 - Dubuque, IA | | |

## Fax Cover Letter

This fax is intended only for the use of the addressee and contains confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are notified any dissemination, distribution or copying is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone and return it to us at the above address via the United States Postal Service. We will reimburse you any costs you incur in notifying us and returning it to us. Thank You.

**Date/Time:** **12/27/06 2:35 PM**

**To:** **\*\*\*\* \*\*\*\* \*\*\*\* Sandy, Construction Industry Fund (Fax 815-397-4862), Christina Moore, Linda Young, Group Administrators LTD (Fax 815-399-5773), Sarah Liptak, TIC INTERNATIONAL (Fax: 517-321-7508)**

**From:** Kathy Kemp, on behalf of Bruce Werning

**Re:** **Agreement - Suitable Builders Inc**

**Pages:** **2**

**Remarks/Comments/Instructions:**

Per Linda's request for a copy of a signed agreement with Suitable Builders Inc, attached is the signature page of the Local 4/166 Commercial agreement. Please contact me at this office if you need further information.

kk

**EXHIBIT**

**A**

Heartland Regional Council Of Carpenters Locals 4 And 166 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

# ARTICLE XXI  WAIVER

This contract is intended to cover all matters of wages, hours, and other conditions of employment including insurance benefits, welfare funds, pension or benefit plans or similar related subjects and during the balance of the term of this contract the Employer will not be required to negotiate any further matters affecting these or any other subjects not specifically set forth in this contract. This agreement shall be in force from MAY 1, 2004 through APRIL 30, 2007. This agreement shall automatically renew itself from year to year there after unless either party notifies the other on or before the sixtieth (60th) day prior to the expiration date of the desire to modify, amend, or terminate the agreement. If any items arise during the contract period, this agreement may be opened only to resolve such items if mutually agreed upon by the Union and the Employer.

The Employer and the Union hereby incorporate by reference and agree to be bound through their respective expiration date by each of the Area Agreements in effect on the date of execution of this agreement, negotiated between subordinate bodies of the United Brotherhood of Carpenters and Joiners of America and certain Employer Associations in counties of Illinois which, on the effective date of this agreement, make up the geographic jurisdiction of the Heartland Regional Council of Carpenters.

FURTHER, the Employer and the Union hereby agree to be bound by the Area Agreements negotiated between the Heartland Regional Council of Carpenters and the various Employer Associations for the period beginning with the expiration dates of the several agreements referred to above and ending on the expiration dates of any successor agreements thereto from time to time thereafter unless the Employer gives written notice to the Union of a desire to amend or terminate any such agreements at least two (2) calendar months prior to the expiration of such agreement or agreements.

The jurisdictional territory covered by this agreement are the following counties in ILLINOIS:  Rock Island, Mercer, Henry, and Henderson; and the following counties in IOWA: all of Louisa north of the Iowa River, Muscatine and Scott.  IN WITNESS WHEREOF, the parties hereto have hereunto set their hand and seal this 1st day of May, 2004.

HEARTLAND REGIONAL COUNCIL
OF CARPENTERS
LOCAL UNION NO. 4 & 166

_(please print or type firm name below)_
Saitable Builders Inc.
25551-252nd. Ave.
Princeton, IA 52768
Phone: 563-289-5302
Fax: Cell 563-529-2258

Authorized Signature
Bruce Wernthe
(please print name above)
Regional Director
(please print title above)

Authorized Signature
William U. Engler
(please print name above)
President
(please print title above)

## REQUIRED INFORMATION - PLEASE COMPLETE

Note-Please attach worker comp and bonding certificates, or mail to Union within 10 days

| | | |
|---|---|---|
| Workers Comp Insurance Agency(local): | Molyneaux Insurance | Phone (563) 324-1011 |
| Bonding Agency(local): | Merchants Bonding | Phone ( ) |
| Federal Identification Number: | | |
| Iowa Contractor Registration Number: | | |

F:\APPS\QA\DOC\AGREE\004166\Current\OCAGCM04.DOC

Page 17

5675

# COLLECTIVE BARGAINING AGREEMENT
### BETWEEN

## HEARTLAND
## REGIONAL COUNCIL OF CARPENTERS
## UNITED BROTHERHOOD OF CARPENTERS
## & JOINERS OF AMERICA

# LOCAL UNION NO. 772
## Clinton, Iowa

and

*Suitable Builders Inc.*

## (Please type or print firm name)

## COVERING COMMERCIAL WORK PERFORMED IN

all of Clinton County and the seven (7) Southernmost Townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union in Iowa.

## EFFECTIVE MAY 1, 2004 THROUGH APRIL 30, 2007

JUL 3 0 2004

*Mailed to Cindy*

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004 -4/30/2007

ARTICLE I PREAMBLE ........................................................................... 4
ARTICLE II RECOGNITION AND GENERAL CONDITIONS ................ 4
    ARTICLE II, SECTION 1 RECOGNITION ...................................... 4
    ARTICLE II, SECTION 2 NO LIMITATIONS OF WORK................. 4
    ARTICLE II, SECTION 3 NO RESTRICTIONS USE OF EQUIPMENT.......... 4
    ARTICLE II, SECTION 4 ACCESS TO JOBSITE ........................... 4
    ARTICLE II, SECTION 5 PREFERENCE FOR RESIDENTS .......... 4
    ARTICLE II, SECTION 6 MANAGEMENT RIGHTS ....................... 5
    ARTICLE II, SECTION 7 EMPLOYEE IDENTIFICATION ............. 5
    ARTICLE II, SECTION 8 COMPANY TOOLS................................ 5
ARTICLE III WORKWEEK, WORKDAY, TERMINATIONS, HOLIDAYS,
WEEKENDS AND MAKE-UP DAY ....................................................... 5
    ARTICLE III, SECTION 1 WORKWEEK...................................... 5
    ARTICLE III, SECTION 2 LAYOFF AND VOLUNTARY TERMINATION ........... 5
    ARTICLE III, SECTION 3 HOLIDAYS......................................... 5
    ARTICLE III, SECTION 4 LABOR DAY ...................................... 5
    ARTICLE III, SECTION 5 PAYDAY ............................................ 5
ARTICLE IV SHIFT WORK .................................................................. 6
    ARTICLE IV, SECTION 1 SHIFT WORK - 8 HOURS .................. 6
    ARTICLE IV, SECTION 2 SHIFT WORK - 12 HOURS ................ 6
ARTICLE V WAGES, FOREMAN PAY, APPRENTICE PAY ................ 6
    ARTICLE V, SECTION 1 WAGE AND FRINGE BENEFITS .......... 6
    ARTICLE V, SECTION 2 DUES CHECK-OFF................................ 6
    ARTICLE V, SECTION 3 SAVINGS.............................................. 6
    ARTICLE V, SECTION 4 OVERTIME ......................................... 7
    ARTICLE V, SECTION 5 FOREMEN PREMIUM ........................ 7
    ARTICLE V, SECTION 6 APPRENTICE WAGES......................... 7
    ARTICLE V, SECTION 7 CARPENTER ASSISTANT.................... 7
ARTICLE VI FRINGE BENEFITS CONTRIBUTIONS ......................... 8
    ARTICLE VI, SECTION 1 PAYMENTS........................................ 8
    ARTICLE VI, SECTION 2 UBC NATIONAL FUNDS..................... 8
    ARTICLE VI, SECTION 3 RETIREMENT FUND.......................... 9
    ARTICLE VI, SECTION 4 HEARTLAND HEALTHCARE FUND....... 9
ARTICLE VII LEGAL ACTION .............................................................. 9
ARTICLE VIII UNEMPLOYMENT AND WORKMAN'S COMPENSATION ........ 9
ARTICLE IX SCOPE OF WORK AND JURISDICTION ........................ 10
ARTICLE X SUBCONTRACTING ......................................................... 11
ARTICLE XI JOB CONDITIONS ........................................................... 11
    ARTICLE XI, SECTION 1 ARTICLE XI, SECTION 1 – JOB CONFERENCE........ 11
    ARTICLE XI, SECTION 2 TOOL STORAGE, INCLEMENT WEATHER, SANITARY
        FACILITIES ........................................................................ 11
    ARTICLE XI, SECTION 3 MOVEMENT OF TOOLS ..................... 11
    ARTICLE XI, SECTION 4 DRINKING WATER.............................. 11
    ARTICLE XI, SECTION 5 SAFETY EQUIPMENT ......................... 11
    ARTICLE XI, SECTION 6 SHOW-UP TIME ................................. 11
    ARTICLE XI, SECTION 7 FOREMAN .......................................... 12
    ARTICLE XI, SECTION 8 BREAK............................................... 12
    ARTICLE XI, SECTION 9 TOOL SHARPENING .......................... 12
    ARTICLE XI, SECTION 10 POWER TOOLS................................. 12

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

ARTICLE XII STEWARDS........................................................................................12
ARTICLE XIII APPRENTICES AND JOURNEYMAN EDUCATION .......................13
ARTICLE XIV GRIEVANCES AND ARBITRATION ...........................................13
ARTICLE XV NO STRIKE, NO LOCKOUT.........................................................13
ARTICLE XVI CONFLICT WITH LAW ...............................................................13
ARTICLE XVII JOINT COMMITTEE ...................................................................14
ARTICLE XVIII IDENTIFICATION CARD ...........................................................14
ARTICLE XIX EMPLOYEE DRUG TESTING......................................................14
ARTICLE XX MOST FAVORED NATIONS ..........................................................14
ARTICLE XXI WAIVER .........................................................................................15
ADDENDUM I - SPECIAL PROJECTS AGREEMENT.........................................16
ADDENDUM II - JOURNEYMAN WAGE AND FRINGE BENEFITS SCHEDULE...............17
ADDENDUM III - APPRENTICE WAGE AND FRINGE BENEFITS SCHEDULE................18
ADDENDUM IV - PARTNERSHIP IN EDUCATION ..............................................19

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ARTICLE I PREAMBLE

This Agreement made and entered into this 1ST day of MAY 2004 by and between the signatory Employer hereinafter referred to as the "EMPLOYER" and the Heartland Regional Council of Carpenters, hereinafter referred to as the "UNION" for the purpose of preventing strikes and lockouts, and facilitating peaceful adjustment of all grievances and disputes which may arise from time to time between the employer and mechanic in the Carpenters' trade.

The area jurisdiction covered by this Agreement is all of Clinton County and the seven (7) Southernmost Townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and UNION in Iowa.

## ARTICLE II RECOGNITION AND GENERAL CONDITIONS

All parties hereto this day hereby adopt the following principles as an absolute basis for their joint working rules, and to govern the action of the joint Arbitration Board as hereinafter provided for.

Management recognizes the right of members of Local Union 772 to be self employed. While performing any work described in ARTICLE IX of this agreement, all members shall be subject to the terms and conditions of the agreement. Any member in violation of this Article will be subject to internal union charges per the union constitution.

### ARTICLE II, SECTION 1 RECOGNITION

The Employer hereunder recognizes the Union as the exclusive bargaining agent on all matters pertaining to wages, hours and conditions of employment for all carpenter employees, hereinafter referred to as employees, excluding from said unit all other employees and supervisors.

Pursuant to the provisions of Section 8(a)(3) of the Labor Management Relations Act, 1947, as amended, all present employees of each Employer and all employees of each Employer hired after the date of this Agreement shall become a member of the Union by the eighth (8th) day following the date of hire, whichever is later, and shall as a condition of continued employment with said Employer maintain membership during the life of this agreement to the extent of tendering the periodic dues and initiation fees uniformly required by the Union as a condition of acquiring or retaining membership.

### ARTICLE II, SECTION 2 NO LIMITATIONS OF WORK

There shall be no limitations as to the amount of work an employee shall perform during his working day.

### ARTICLE II, SECTION 3 NO RESTRICTIONS USE OF EQUIPMENT

There shall be no restrictions as to the use of machinery and equipment pertaining to the carpenter trade.

### ARTICLE II, SECTION 4 ACCESS TO JOBSITE

The authorized representative of the Union shall be permitted to visit any job on legal business.

### ARTICLE II, SECTION 5 PREFERENCE FOR RESIDENTS

Qualified residents from the geographical area covered by this Agreement shall be given preference for employment, and judgment of qualifications shall be determined by the Employer.

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ARTICLE II, SECTION 6 MANAGEMENT RIGHTS

All Employers have the right to:
a) Discharge whomsoever they see fit.
b) Notify the Union of opportunities for employment.
c) Give the Union an opportunity to refer qualified applicants for employment, but the Union has no obligation to refer employees to the Employer but may do so if it desires.
d) Employer reserves the right of recall of any former employee of the Employer covered by this agreement without notifying the Union.

## ARTICLE II, SECTION 7 EMPLOYEE IDENTIFICATION

All Employees will carry an identification card with name and number corresponding to payroll book, when required.

## ARTICLE II, SECTION 8 COMPANY TOOLS

Carpenters may to facilitate their work carry small company tools and supplies in company-owned trucks or leased vehicles.

## ARTICLE III WORKWEEK, WORKDAY, TERMINATIONS, HOLIDAYS, WEEKENDS AND MAKE-UP DAY

### ARTICLE III, SECTION 1 WORKWEEK

Eight (8) to ten (10) hours constitutes a day's work, Monday through Friday beginning between 6:00 a.m. and 8:00 a.m. There shall be one-half (1/2) hour for lunch beginning after the completion of four (4) hours.

### ARTICLE III, SECTION 2 LAYOFF AND VOLUNTARY TERMINATION

Should an employee covered by this Agreement be discharged, they shall be paid all wages due at the regular quitting time, or within twenty four (24) hours after the regular quitting time, or mailed their check, postmarked within said (24) hours after quitting time. If not paid or postmarked within said (24) hours, the Employer shall pay a penalty of eight (8) hours pay to such employee at the regular rate of pay for each succeeding twenty four (24) hours of delay. It is understood that said twenty-four (24) hour periods shall not include Sundays and Holidays.

### ARTICLE III, SECTION 3 HOLIDAYS

Holidays: Thanksgiving, Day after Thanksgiving, Christmas, New Year's Day, Decoration Day, Fourth of July, Labor Day, or days celebrated as such. In the event a holiday falls on Sunday, the following Monday will be observed as such holiday for those holidays listed in the contract. Decoration Day (Memorial Day) shall be deemed to be the date established by federal law.

### ARTICLE III, SECTION 4 LABOR DAY

No work shall be done on Labor Day except in extreme emergency or to prevent loss of life or property.

### ARTICLE III, SECTION 5 PAYDAY

Employees shall be paid not later than Wednesday following the workweek, and shall be paid on the job before quitting time. Any change in payday can be made prior to the start of a job by mutual agreement, providing no more than three (3) workdays will be held back. Should payday fall on a holiday, then the day prior shall be payday. Wages shall be

payable by currency or bankable check, provided however that at the request of the employee, the Employer countersign all checks issued by him in payment of labor. A checkstub showing hours worked and deductions must accompany all checks issued to the employee and if paid in cash, an itemized slip of hours worked and deductions must accompany payment with the Employer's name and address on the slip.

# ARTICLE IV SHIFT WORK

## ARTICLE IV, SECTION 1 SHIFT WORK - 8 HOURS

When work is carried on in two or three shifts, the first shift shall work eight (8) hours at straight time starting no earlier than 6:00 a.m. nor later than 8:00 a.m. The second shift shall consist of seven and one-half (7-1/2) hours work for eight (8) hours pay. The third shift shall consist of seven (7) hours work for eight (8) hours pay.

First shift shall begin between the hours of 6:00 a.m. and 8:00 a.m., second shift shall begin between the hours of 12:00 noon and 8:59 p.m., and third shift shall begin between the hours of 9:00 p.m. and 5:59 a.m.

## ARTICLE IV, SECTION 2 SHIFT WORK - 12 HOURS

In the event of two (2) twelve-hour shifts, each shift will consist of eight(8) hours straight time and four (4) hours time and one-half (1-1/2). A lunch break of one-half (1/2) hour will be allowed four (4) hours after start of shift and a break of fifteen (15) minutes will be allowed eight (8) hours after start of shift. The lunch time in the case of twelve (12) hour shifts shall be at the Employer's expense.

# ARTICLE V WAGES, FOREMAN PAY, APPRENTICE PAY

## ARTICLE V, SECTION 1 WAGE AND FRINGE BENEFITS

The Employer shall not pay less than the minimum wage scales for employees covered by this Agreement as specified in the attached Addendums, Journeyman Wage and Fringe Benefits Schedule.

| Effective Date | Total Package |
| --- | --- |
| 5/1/2004-4/30/2005 | $34.21 |
| 5/1/2005-4/30/2006 | $35.21 |
| 5/1/2006-4/30/2007 | $36.21 |

## ARTICLE V, SECTION 2 DUES CHECK-OFF

Upon receipt of any employee's written authorization, which shall be irrevocable for not more than one (1) year, or the termination of this agreement, whichever occurs sooner, the Employer shall deduct from such employee's wages an amount to be determined by the Heartland Regional Council of Carpenters as stated in the attached wage and fringe benefit addendums from which the Union shall make appropriate distribution to its subordinate local unions and affiliate bodies, together with a list of the names of the employees from whose pay deductions were made, and sent to Illinois Employee Benefits Corporation on the regular fringe benefit reporting form. Any change in this section will require the Union to notify the Employer a minimum of fifteen (15) days prior to becoming effective. The Union reserves the right to directly collect this deduction at a later date.

## ARTICLE V, SECTION 3 SAVINGS

The Employer agrees to deduct and remit into the I H Mississippi Valley Credit Union, Attention: Direct Deposit, PO Box 1010, Moline, IL 61266-1010 or a depository as

directed by the Heartland Regional Council of Carpenters the amounts specified on the attached Wage and Fringe Benefits Addendum.

## ARTICLE V, SECTION 4 OVERTIME

Time and one-half (1 1/2) shall be paid for all overtime Monday through Saturday, including the noon hour, except double time shall be paid for Sunday, and the following holidays: New Year's Day, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, day after Thanksgiving, and Christmas Day. Memorial Day shall be deemed to be the date established by federal law.

When a holiday falls on a Sunday, the following Monday shall be considered as holiday and double time wage rate shall apply.

## ARTICLE V, SECTION 5 FOREMEN PREMIUM

Foremen shall receive not less than five percent (5%) per hour additional to the minimum wage rate of the journeyman. If there are eight (8) or more journeyman carpenters including the foreman, the General foreman shall receive not less than seven percent (7%) per hour additional to the minimum wage rate of the journeyman.

## ARTICLE V, SECTION 6 APPRENTICE WAGES

Please refer to the attached Addendums- Apprentice Wage and Fringe Benefits Schedule.

Pension contribution rates for 1st and 2nd year apprentices shall be fifty cents ($.50) per hour for all hours worked contributed to the Carpenters Pension Trust Fund of Illinois as per the attached wage addendum. This contribution is in addition to the amount required as per the wage addendum to the Construction Industry Retirement Fund of Rockford, Illinois.

## ARTICLE V, SECTION 7 CARPENTER ASSISTANT

An employer may choose to employ a Carpenter Assistant(s). The ratio of Carpenters Assistant(s) to Apprentice/Journeyman is one (1) Assistant to five (5) Apprentice/Journeyman, company wide. The Employer recognizes the Union as the primary source for Assistants and the assistants will be provided by the Union within seven (7) calendar days of the Employer request. The Employer may at their discretion hire an Assistant from any source available. The Assistant placed by the Union shall pass a physical, be drug tested and be OSHA 10 trained before being hired. The Assistant to be hired from the Employer sources shall also receive comparable safety training from the JATC within seven (7) days of before starting work. Each Assistant shall sign a work permit with the Union before starting work. Work permits shall be filled out in triplicate with a copy given to the Employer, the Employee and the Union. The Employer will fill out a two (2) and four (4) month evaluation form for each Carpenter Assistant. Upon completion of the four (4) month period, the Carpenter Assistant shall be placed in the Carpenter Training Center of the Quad Cities JATC program.

The scope of work of a Carpenter Assistant shall be any carpenter work the journeyman they are working with determines they are capable of performing, including but not limited to the tending of Journeyman including the assistance of layout, grade and surveying, all conveying, handling, unloading and mixing of all materials installed, including cement, lime and plaster, the operation of all equipment used in the transportation of materials installed by journeyman. Job clean-up and cleanup of all scraps, dust and debris including sweeping of work area, cleaning of lumber and transportation of these materials. The mixing, handling, conveying, pouring, vibrating and

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

otherwise placing of concrete, whether by hand or other method of concrete for any walls, foundations, floors or for other construction, installation of wire mesh (outside building), and dowel rods. Assisting the journeyman during concrete formwork, handling, wrecking, stripping, dismantling, moving, cleaning, oiling and resurfacing of forms. Temporary construction of erosion control fencing including installation and removal. The fireproofing or acting as firemen, watchmen, or salamander tenders. The hand excavation for buildings and all other construction and any dewatering.

A Carpenter Assistant shall be paid 50% of the journeyman wage rate with no benefits. The appropriate work assessment shall be deducted.

The Carpenter Assistant shall be prohibited from working on any Federal Davis Bacon, State prevailing wage projects or PHMMA Agreement projects.

## ARTICLE VI  FRINGE BENEFITS CONTRIBUTIONS

### ARTICLE VI, SECTION 1 PAYMENTS

The Employer shall pay the amounts as specified in the attached Addendums - Wage and Fringe Benefits Schedules for fringe benefits for each hour worked by each employee covered by this agreement. If during the term of this agreement the Employer and the Union agree to participate in a different health & welfare plan they may do so provided the Union gives notice to all signatory employers not less than thirty (30) days prior to such change.

Payments for Health & Welfare shall be made for the account of the Heartland Healthcare Fund; payments for Pension shall be made for the account of the Carpenters Pension Trust Fund of Illinois; payments for retirement fund shall be made for the account of the Construction Industry Retirement Fund of Rockford, Illinois; payments for apprenticeship training shall be made for the account of Carpenter Training Center of the Quad Cities JATC Program Trust.

### ARTICLE VI, SECTION 2 UBC NATIONAL FUNDS

The Employer(s) and the Union recognize the need for quality training of apprentices and journeymen to meet the industry's craft labor needs and to provide safety and health training and education to enable Union workers to remain healthy and productive. In addition to any contributions otherwise called for herein, the parties agree that the Employer shall make contributions for each employee covered by this Agreement to the UBCJA National Apprenticeship & Training and National Health & Safety Funds. The Union reserves the right to directly collect this contribution at a later date.

Payments shall be made to the Illinois Employee Benefits Corporation of Geneva, Illinois along with the other fringe benefits. Whereupon, said agency shall remit the appropriate payments and copies of reporting forms to each of the two National Funds on or before the twentieth (20th) day of the month following the month of the work performed. Checks shall be made payable to the UBCJA National Health & Safety Fund and the UBCJA National Apprenticeship & Training Fund and mailed to: UBC Health & Safety Fund, PO Box 94449, Chicago, IL 60690-4449.

The Employer hereby also agrees to be bound by the trust indenture agreement as now stated or as later restated or amended applicable to each of the two respective UBC trust funds described above.

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ARTICLE VI, SECTION 3 RETIREMENT FUND

The Construction Industry Retirement Fund of Rockford, Illinois is administered by a Board of Trustees, in accordance with the terms of the appropriate Trust Agreement. The Construction Industry Retirement Fund maintains a place of business at 929 S Alpine Rd #408, P.O. Box 5803, Rockford, Illinois, 61108, or at such other place designated by the Trustees.

## ARTICLE VI, SECTION 4 HEARTLAND HEALTHCARE FUND

Each employer covered by or performing work under the terms of the Employer Association – Union collective bargaining agreement agrees to be bound to the Agreement and Declaration of Trust establishing the Heartland Healthcare Fund, and any present or future amendments thereto and irrevocably designates as its representatives the Employer Trustees of the Board of Trustees of the Heartland Healthcare Fund, together with their successors, selected or designated in the manner as provided in said Agreement and Declaration of Trust.

## ARTICLE VII LEGAL ACTION

In the event the Union or the trustees of any trust fund described in Article VI are required to file suit by reason of an Employer's failure to:

1. Maintain employees monthly contributions pursuant to Article VI; or

2. Meet employees weekly payroll; or

3. Maintain employees Workman's Compensation and Unemployment Compensation coverage as set forth in Article VIII herein and a judgment is rendered in favor of the Union and/or trustees, as part of said judgment, a reasonable amount of attorney's fees and court costs shall be awarded them by the court.

4. After the union and/or trustees are awarded said judgment, the Union shall have the rights, at its option, to require said Employer to furnish a suitable bond with a reputable surety company guaranteeing his performance of items 1, 2, and 3 as set forth in this section prior to any resumption of the instant agreement with said Employer.

5. The Employer shall be required to post a bond in the amount of twenty thousand dollars ($20,000.00).

## ARTICLE VIII UNEMPLOYMENT AND WORKMAN'S COMPENSATION

In order to insure all employees covered by this agreement against the hazards of unemployment resulting through no fault of their own and injuries as covered by workman's compensation, all Employers who are not automatically within the provisions of State Unemployment Acts and Workman's Compensation Acts or required to make contributions thereunder, hereby agree to make voluntary application to the proper State authorities, so as to come within the statutory provision of the Illinois and Iowa Unemployment Compensation Acts and Workman's Compensation Acts relating to the manner provided by said Acts and the regulations promulgated thereunder, regardless of number employed.

The Employer, at the employee's request, will inform a terminated employee if the employee has been discharged or laid off for lack of work.

## ARTICLE IX SCOPE OF WORK AND JURISDICTION

The partial description of occupational scope contained in this agreement is not intended to define all work performed by all trade subdivisions of the United Brotherhood of Carpenters and Joiners of America. When the term "Carpenters and Joiners" is used, it shall mean all the subdivisions of the trade.

The parties understand that it is not practical to define the occupational scope in complete detail within this agreement. Accordingly, even though specific tasks may not be listed or defined in this agreement they will nevertheless be considered as and treated as part of the occupational scope if, the task is traditionally the work of the Carpenters and Joiners, or a specific assignment is made by the employer, or if the task has been or may hereafter be awarded to the Carpenters and Joiners by the National Joint Board for Settlement of Jurisdictional Disputes or its Appeals Board.

Employees in the bargaining unit will perform all tasks assigned by the employer.

The broad, evolving trade autonomy of the United Brotherhood of Carpenters and Joiners of America includes at its core, but is not limited to, the handling, milling, fashioning, joining, assembling, erection, fastening or dismantling of all material of wood, plastic, metal, fiber, cork and composition, and all other substitute materials, as well as the operation, handling, cleaning, erecting, installing, repair, renovation, maintenance, and dismantling of all machinery, equipment and all materials used by members of the United Brotherhood.

Our claim of jurisdiction, therefore, covers all kinds of work being performed by members of the United Brotherhood of Carpenters and Joiners and includes but is not limited to the following classifications: Carpenters & Joiners; Millwrights; Piledrivers; Bridge, Dock and Wharf Carpenters; Divers, Underpinners, Timber Workers and Core Drillers; Shipwrights, Boat Builders; Ship Carpenters; Joiners and Caulkers; Cabinet Makers; Bench Hands; Stair Builders; Mill and Factory Workers; Wood and Resilient Floor Layers, and Finishers; Carpet Layers; Shinglers; Siders; Insulators; Acoustic and Dry Wall Applicators; Shorers and House Movers; Loggers; Lumber and Sawmill Workers; Furniture Workers; Shingle Weavers; Box Makers; Railroad Carpenters and Car Builders; Show, Display and Exhibition Workers; and Lathers, regardless of material used; also Public Sector Workers, Pre-cast installers, including but not limited to Tilt ups and Wall Panel Erectors, Bathroom Accessory and Toilette Partition Installers, Foam Applicators behind EFIS (Exterior Insulation Finish Systems) and all those engaged in the operation of woodworking or other machinery required in the fashioning, milling, or manufacturing of products used in the trade, or engaged as helpers to any of the above divisions or subdivisions, and the handling, erecting and installing material on any of the above divisions or subdivisions, burning, welding, rigging and the use of any instrument or tool for layout work, incidental to the trade; the erection and placement of all materials used in lathing procedures; and all work with and on robotics, included but not limited to, rigging, handling, installing, maintaining, programming, and use of all stationary and/or portable robots, this includes the use of all robots used in any industry, including the nuclear field. When the terms "carpenter(s)" or "carpenter(s) and joiners(s)" are used, it shall mean all the divisions and subdivisions of the trade.

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ARTICLE X SUBCONTRACTING

It is understood that there may be instances when suitable, competitive union subcontractors may not be available for certain subcontracts. In such instances, the Employer will notify the Union at least seventy-two (72) hours prior to the bid, and the Union will endeavor to locate suitable, competitive union subcontractors to bid for the work. If the Employer and the Union are unable to locate suitable subcontractors, it is understood and agreed that the Employer will be relieved of the above for such subcontracts.

## ARTICLE XI JOB CONDITIONS

### ARTICLE XI, SECTION 1 ARTICLE XI, SECTION 1 – JOB CONFERENCE

A job conference shall be called at the discretion of the Union.

### ARTICLE XI, SECTION 2 TOOL STORAGE, INCLEMENT WEATHER, SANITARY FACILITIES

Each Employer shall provide suitable locked storage facilities to give maximum protection against loss of tools and also suitable toilet accommodations on all buildings and jobs. Every Employer shall provide a suitable place for protection of the employees during inclement weather and shall also provide a suitable place for eating lunch according to the season.

### ARTICLE XI, SECTION 3 MOVEMENT OF TOOLS

When tools are to be moved from one job to another, during working hours, they shall be moved on the Employer's time.

### ARTICLE XI, SECTION 4 DRINKING WATER

The Employer shall provide a new supply of drinking water daily, properly cooled in season.

### ARTICLE XI, SECTION 5 SAFETY EQUIPMENT

Contractors shall furnish all hard hats, liners, respirators, safety glasses or goggles, ear plugs, standard ear muffs, protective welding and burning equipment or other safety equipment. The employees will return safety equipment when job is completed or pay for them at the actual cost to the contractor.

### ARTICLE XI, SECTION 6 SHOW-UP TIME

Any employee reporting for work on order from the Employer, express or implied, and not being put to work shall remain on the job one (1) hour and shall receive no less than one (1) hour pay. In the event the employee is directed to remain on the job, the employee shall be paid for such waiting time with a one (1) hour minimum. After an employee starts work and in case in inclement weather, will be paid one (1) hour holding time, providing he stays on the job or released by the Employer and any time worked thereafter he will be paid actual hours worked.

It shall be the employee's responsibility to be available at the telephone number, provided to the Employer, each morning of the workweek and if the Employer makes notification at the number provided one (1) hour prior to start of shift and the employee is not available and shows up for work, he will not qualify for show-up time. If driving time is more than one (1) hour to the job site, arrangements will be made between the Employer and employee regarding notification.

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ARTICLE XI, SECTION 7 FOREMAN

The carpenter foreman may work with tools and be permitted to do bargaining unit work as described in Article IX. When there are three (3) or more journeyman on any one jobsite and one journeyman is assigned any responsibility other than that of a journeyman, the one assigned the duties shall be designated a foreman. When there are seven (7) or more journeyman, one journeyman must be designated a foreman.

All foreman shall be qualified residents from the geographical area covered by this agreement and shall be given preference for employment and judgment of qualifications shall be determined by the Employer.

## ARTICLE XI, SECTION 8 BREAK

There shall be a ten (10) minute coffee break in the morning, except employees are not to leave the jobsite. When working ten (10) hour days there shall be a ten (10) minute break in the afternoon.

## ARTICLE XI, SECTION 9 TOOL SHARPENING

All tools shall be kept sharp or be sharpened at the expense of the Employer, with the understanding the tools are to be sharp when starting to work for the Employer.

## ARTICLE XI, SECTION 10 POWER TOOLS

Carpenters will distribute all tools of Employer's used by carpenters including power cords, welding leads and fueling of power-driven tools.

# ARTICLE XII STEWARDS

Whenever two (2) or more employees are working together the Union may select one (1) of them as steward. The Employer recognizes that the following basic principles are applied by the Union in the selection of a job steward:

1. The steward must fully protect the interest of the Union.

2. The steward must be an employee who can efficiently perform his duties as a carpenter and must be a working carpenter.

3. Written notification will be given to the Union prior to the steward being laid off and shall be the last to be laid off except for one (1) foreman, providing Employer deems the steward is a qualified carpenter.

4. The steward is selected by the business representative of the Union and preference is given to local union members in the bargaining unit of the agreement area.

5. The Union may replace any steward at any time.

6. The Employer further recognizes that the Union requires the steward to report to the business representative union dues delinquencies, violations of this agreement, failure of employees to become members of the union contrary to the provision of this agreement, and disputes and grievances of employees. The Employer also recognizes that the Union does not give the steward authority to adjust violations of this agreement or to collect any moneys due the Union. The parties agree that the steward will not unnecessarily disrupt the job in

discharging his duties as a steward and that the steward will not be discharged by the Employer for performing his union duties. The Union shall notify the Employer on a current basis of the names of each steward.

7. Whenever one (1) or more employees are required to work overtime one of them shall be the regularly designated steward or another employee designated by him.

8. In the case of an accident or sickness to an employee covered by this contract, the steward shall see his personal belongings are taken care of, and the steward shall be paid for such lost time during the working hours.

## ARTICLE XIII APPRENTICES AND JOURNEYMAN EDUCATION

All matters related to the education and training of apprentices and journeyman shall be determined by the Carpenter Training Center of the Quad Cities Joint Apprenticeship and Training Committee and their governing documents.

## ARTICLE XIV GRIEVANCES AND ARBITRATION

In the event any dispute other than jurisdictional claims arises as to the meaning, interpretation, application or violation of this contract, the grievance shall be submitted by the grieving party within three (3) days from the date the controversy arises to the other party. In the event the parties thereafter are unable to settle the matter, the controversy shall be submitted to an Arbitration Board consisting of one member selected by the Union, one member selected by the Employer, and a third member mutually selected by both parties. The decision of the Arbitration Board shall be rendered within ten (10) days after the close of the arbitration hearing and shall be final and binding upon the Employer, the Union, and employees.

In the event an impasse exists in the selection of the third party under the arbitration clause, then the parties shall request the Federal Mediation and Conciliation Service to submit a panel of seven (7) persons from which the parties shall alternately strike names until one selection remains who shall be the third party arbitrator. The expenses of the third party arbitrator shall be shared equally by both parties.

All disputes arbitrated under the agreement must be settled by the Arbitration Board and in conformity with the principles and agreement herein contained, and nothing herein can be changed by the Arbitration Board. No by-laws or rules conflicting with this agreement or working rules agreed upon shall be passed or enforced by either of the parties hereto against any of its affiliated members in good standing or employees in the bargaining unit.

## ARTICLE XV NO STRIKE, NO LOCKOUT

During the term of this agreement there shall be no strike by the Union or employees in the bargaining unit and no lockout by any Employer. The refusal of an employee to enter and do work or make deliveries in a place where a strike or lockout is in force shall not be deemed a violation of this agreement, nor shall it be justification for discharge.

## ARTICLE XVI CONFLICT WITH LAW

Any provision of this agreement which is or shall become in conflict with federal or state law shall be void, but the remainder of the agreement shall remain in full force and effect.

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ARTICLE XVII JOINT COMMITTEE

The Employer and the Union have agreed upon IDENTIFICATION CARD, EMPLOYEE DRUG TESTING and that a joint committee shall be established to address these articles.

## ARTICLE XVIII IDENTIFICATION CARD

The Union and the Employer may establish an Identification Card Program for the purposes of readily identifying all employees and establishment of their qualifications. Both parties shall be free to establish an Agreement on any and all criteria that may be contained in the Identification Card Program and also to establish all components of a functional system. Nothing in this Agreement will prevent either or both parties from contracting with a third party for implementation of the aforementioned Identification Card program. This Program shall be implemented prior to the completion of the first year of this Agreement.

## ARTICLE XIX EMPLOYEE DRUG TESTING

The Employer may establish a drug and alcohol testing program for all employees covered by this Agreement. All bargaining unit members covered under this Agreement shall agree to participate in any drug and alcohol testing program established, that conforms to state and federal regulations.

## ARTICLE XX MOST FAVORED NATIONS

The Union agrees if it enters into any Agreement with any contractor concerning work of the type covered by this Agreement, in the area covered by this Agreement upon more favorable terms to such contractor than are embodied in this Agreement, those more favorable terms shall immediately be considered by the parties to be the terms of this Agreement. Provided, however, that this clause shall not restrict the ability of the Union to agree to the utilization of the Special Projects Addendum I with any Employer or Employers. The modifications made through the use of the Special Projects Addendum I shall apply only to that specific project.

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ARTICLE XXI WAIVER

This contract is intended to cover all matters of wages, hours, and other conditions of employment including insurance benefits, welfare funds, pension or benefit plans or similar related subjects and during the balance of the term of this contract the Employer will not be required to negotiate any further matters affecting these or any other subjects not specifically set forth in this contract. This agreement shall be in force from MAY 1, 2004 through APRIL 30, 2007. This agreement shall automatically renew itself from year to year there after unless either party notifies the other on or before the sixtieth (60th) day prior to the expiration date of the desire to modify, amend, or terminate the agreement. If any items arise during the contract period, this agreement may be opened only to resolve such items if mutually agreed upon by the Union and the Employer.

The Employer and the Union hereby incorporate by reference and agree to be bound through their respective expiration date by each of the Area Agreements in effect on the date of execution of this agreement, negotiated between subordinate bodies of the United Brotherhood of Carpenters and Joiners of America and certain Employer Associations in counties of Illinois which, on the effective date of this agreement, make up the geographic jurisdiction of the Heartland Regional Council of Carpenters.

FURTHER, the Employer and the Union hereby agree to be bound by the Area Agreements negotiated between the Heartland Regional Council of Carpenters and the various Employer Associations for the period beginning with the expiration dates of the several agreements referred to above and ending on the expiration dates of any successor agreements thereto from time to time thereafter unless the Employer gives written notice to the Union of a desire to amend or terminate any such agreements at least two (2) calendar months prior to the expiration of such agreement or agreements.

The jurisdictional territory covered by this agreement is all of Clinton County and the seven (7) Southernmost Townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and UNION in Iowa.. IN WITNESS WHEREOF, the parties hereto have hereunto set their hand and seal this 1st day of May, 2004.

HEARTLAND REGIONAL COUNCIL OF
CARPENTERS
LOCAL UNION NO. 772

*(please print or type firm name below)*
Suitable Builders Inc.
25551- 252nd Ave.
Princeton IA 52768
Phone: 563-289-5302
Fax: (cell 563-529-2258

_____
Authorized Signature

_____
(please print name above)

_____
(please print title above)

William U. Engler
_____
Authorized Signature
William U. Engler
(please print name above)
President
(please print title above)

## REQUIRED INFORMATION - PLEASE COMPLETE

Note-Please attach worker comp and bonding certificates, or mail to Union within 10 days

| | |
|---|---|
| Workers Comp Insurance Agency(local): Molyneaux Inc. | Phone (563) 324-1011 |
| Bonding Agency(local): Merchants | Phone ( ) |
| Federal Identification Number: | |
| Iowa Contractor Registration Number: | |

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ADDENDUM I - SPECIAL PROJECTS AGREEMENT

The Business Agent with the approval of the Heartland Regional Council Business Manager shall have the authority to make contract adjustments during the term of this agreement. Any such adjustments or modifications shall be granted on a project by project basis only. When adjustments are granted the Business Agent with the approval of the Heartland Regional Council Business Manager, the following procedure shall be strictly adhered to:

STEP 1     Any individual Employer or Employers signatory to this agreement may request contract adjustments for a specific project. Such a request shall be directed to the appropriate Business Agent who shall as appropriate, grant adjustments and modifications necessary to assure continuous work opportunities for employees:

STEP 2     Once a Business Agent(s) agrees to contract adjustments the individual Employer(s) requesting the adjustment shall be immediately notified. Any adjustments which are granted must be transmitted to the appropriate individual Employer(s) no later than two (2) working days prior to bid opening. However, as noted above, they must be confirmed in writing as soon as possible.

STEP 3     Any adjustments or modifications granted for a specific project shall be available to all signatory Employers interested in the project. It shall, however, be the responsibility of individual Employers to request information regarding any possible adjustments.

Any Agreement with any contractor concerning work of the type covered by this Agreement, in the area covered by this Agreement upon more favorable terms to such contractor than are embodied in this Agreement those more favorable terms shall immediately be considered by the parties to be the terms of this Agreement. Provided however, that this clause shall not restrict the ability of the Union to agree to the utilization of the Special Projects Addendum I with any Employer or Employers. The modification made through the use of the Special Projects Addendum I shall only apply to that specific project.

THIS ADDENDUM is an attachment to the Agreement between the signatory Employer and the Heartland Regional Council of Carpenters Local Union 772 and becomes effective MAY 1, 2004 and remains in effect until the expiration date of the agreement.

HEARTLAND REGIONAL COUNCIL OF
CARPENTERS
LOCAL UNION NO. 772

*(please print or type firm name below)*

Suitable Builders Inc.
2555 I-852nd Ave.
Princeton, IA 52768

_____
Authorized Signature
Bruce Verning
(please print name above)
Regional Director
(please print title above)

William U. Engler
_____
Authorized Signature
William U. Engler
(please print name above)
President
(please print title above)

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ADDENDUM II - JOURNEYMAN WAGE AND FRINGE BENEFITS SCHEDULE

To be attached to and become a part of the agreement between Heartland Regional Council of Carpenters Local UNION No. 772 and the undersigned employer covering all of Clinton County and the seven (7) Southernmost Townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and UNION in Iowa. The Union reserves the right to distribute negotiated increases to the base wage rate or fringe benefits. The minimum hourly rate of wages of all JOURNEYMAN CARPENTERS shall be no less than the following.

### Effective 5/1/2004-4/30/2005

#### Minimum Hourly Rates For Journeyman

| Carpenters | |
|---|---|
| Journeyman Rate | $24.16 |
| Health & Welfare | 5.14 |
| Pension | 2.87 |
| Supplemental Pension | .10 |
| Const Ind Retirement Fund | 1.50 |
| Apprenticeship | .40 |
| UBC National Funds | .04 |
| TOTAL PACKAGE | $34.21 |

### Premium Hourly Rates

| Carpenter Foreman (Five percent (5%) Above Journeyman) | | Carpenter General Foreman (Seven percent (7%) Above Journeyman) | |
|---|---|---|---|
| Base Wage Rate | $25.37 | Base Wage Rate | $25.85 |
| Health & Welfare | 5.14 | Health & Welfare | 5.14 |
| Pension | 2.87 | Pension | 2.87 |
| Supplemental Pension | .10 | Supplemental Pension | .10 |
| Const Ind Retirement Fund | 1.50 | Const Ind Retirement Fund | 1.50 |
| Apprenticeship | .40 | Apprenticeship | .40 |
| UBC National Funds | .04 | UBC National Funds | .04 |
| TOTAL PACKAGE | $35.42 | TOTAL PACKAGE | $35.90 |

### WAGE DEDUCTIONS:

Working Assessment will be ninety seven cents ($.97) per hour for all journeyman, foreman, general foreman and superintendents. The savings/vacation deduction shall be $1.23 per hour.

Dated: _July 5_, _2004_.

_(please print or type firm name below)_

Suitable Builders
25551-252 nd Ave.
Princeton, IA 52768

HEARTLAND REGIONAL COUNCIL OF
CARPENTERS LOCAL UNION NO. 772

_Bruce Westing_
Authorized Signature
_Bruce Westing_
(please print name above)
_Regional Director_
(please print title above)

_William U. Engler_
Authorized Signature
_William U. Engler_
(please print name above)
_President_
(please print title above)

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ADDENDUM III - APPRENTICE WAGE AND FRINGE BENEFITS SCHEDULE

To be attached to and become a part of the agreement between Heartland Regional Council of Carpenters Local UNION No. 772 and the undersigned employer covering all of Clinton County and the seven (7) Southernmost Townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and UNION in Iowa.

The minimum wage to be paid to APPRENTICES under the Standards of the Carpenter Training Center of the Quad Cities JATC Program shall be the following percentages of the rate paid to journeymen.

NOTE: CARPENTER ASSISTANT is to be paid 50% of journeyman rate with no fringe benefits

### MINIMUM HOURLY RATES FOR APPRENTICE CARPENTERS Effective 5/1/04-4/30/2005

| First Year (50%) Wage Rate | $12.08 | Second Year (60%) Wage Rate | $14.50 |
|---|---|---|---|
| Health & Welfare | 5.14 | Health & Welfare | 5.14 |
| Pension | .40 | Pension | .40 |
| Supplemental Pension | .10 | Supplemental Pension | .10 |
| Const Ind Retirement Fund | 1.50 | Const Ind Retirement Fund | 1.50 |
| Apprenticeship | .40 | Apprenticeship | .40 |
| UBC National Funds | .04 | UBC National Funds | .04 |
| TOTAL PACKAGE | $19.66 | TOTAL PACKAGE | $22.08 |

| Third Year (75%) Wage Rate | $18.12 | Fourth Year (85%) Wage Rate | $20.54 |
|---|---|---|---|
| Health & Welfare | 5.14 | Health & Welfare | 5.14 |
| Pension | 2.87 | Pension | 2.87 |
| Supplemental Pension | .10 | Supplemental Pension | .10 |
| Const Ind Retirement Fund | 1.50 | Const Ind Retirement Fund | 1.50 |
| Apprenticeship | .40 | Apprenticeship | .40 |
| UBC National Funds | .04 | UBC National Funds | .04 |
| TOTAL PACKAGE | $28.17 | TOTAL PACKAGE | $30.59 |

## WAGE DEDUCTIONS

Working Assessment will be seventy two cents ($.72) per hour for all apprentices and Carpenter Assistants. The savings/vacation deduction shall be $1.23 per hour.

Dated: July 5, 2004.

HEARTLAND REGIONAL COUNCIL OF
CARPENTERS LOCAL UNION NO. 772

*(please print or type firm name below)*
Suitable Builders Inc.
85551- 252nd Ave.
Princeton, IA 52768

_____
Authorized Signature

Bruce Wersing
(please print name above)

Regional Director
(please print title above)

William U. Engler
Authorized Signature

William U. Engler
(please print name above)

President
(please print title above)

Heartland Regional Council Of Carpenters Locals 772 COMMERCIAL Agreement Effective 5/1/2004-4/30/2007

## ADDENDUM IV - PARTNERSHIP IN EDUCATION

The Independent Employers of the Carpenters Local Union 772 jurisdictional area, Carpenters Local 772 of the Heartland Regional Council of Carpenters all agree as to the importance of an Employee's skills towards the construction industry. Skills, education and training are a vital segment that all parties rely on to promote and secure work.

The Carpenter Training Center of the Quad Cities JATC has education and training set in place for both apprentice and journeyman carpenters. The training center has mandated safety training specifically OSHA 10 certification as the top priority.

A declaration of a Partnership in Education shall now be set in place effective May 1, 2004 whereas:

Any Employer signatory to this agreement shall employ only those Members of the Union that possess a certified OSHA 10 card that is on file with the Training Center and the Union, and shall be in compliance with this mandate by May 1, 2005.

Furthermore, after May 1, 2005; all Members of the Union shall take a minimum of five (5) hours of supplemental OSHA training (Safety Training) each year, due by May 1 of each succeeding year. Supplemental OSHA 10 training (safety training) shall include but not be limited to OSHA 10 standards, 29 CFR Part 1926, subpart E, I, L and V with First Aid & CPR being included in subpart D.

All members shall remain current in all certifications received. Training records shall be administrated and kept by the Carpenter Training Center of the Quad Cities JATC and made available to the Employers and the Union as a part of their training program records.

The Union agrees not to refer and the Contractor agrees not to employ any Carpenter who is not in compliance with the training requirements set forth.

Any new Journeyman Carpenter joining Carpenter Local Union 772 or any union Carpenter not a member of Carpenter Local Union 772 but working within the jurisdictional area of this agreement shall as a condition of employment take the first available OSHA 10 certification class and the succeeding five (5) hours of supplemental OSHA 10 (Safety Training).

The Employer and the Union additionally agree as to the importance of apprentices towards the attrition factor of the work force and they are the future leaders of the construction industry.

Any Employer signatory to this Agreement shall put forth their best effort to start new apprentices into the apprenticeship program of the training center as feasible and economically possible.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hand and seal this 1st day of May, 2004.

HEARTLAND REGIONAL COUNCIL
OF CARPENTERS
LOCAL UNION NO. 772

_Bruce Wending_
Authorized Signature
_Bruce Wentrip_
(please print name above)
_Regional Director_
(please print title above)

(please print or type firm name below)
_Subtable Builders Inc._
_25551-252 nd Ave._
_Princeton, IA 52768_

_William U. Engler_
Authorized Signature
_William U. Engler_
(please print name above)
_President_
(please print title above)